UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNY MARIE PLAZA,

                    Plaintiff,                    19 **CIVIL** 3853 (DF)

      -against-                               **JUDGMENT**

COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.
------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:**   That for the reasons set forth in the Court's Memorandum and Order dated October 16, 2020, Plaintiff's motion for judgment on the pleadings is granted to the extent it seeks remand for administrative proceedings, and Defendant's cross-motion for judgment on the pleadings is denied. This case is hereby remanded for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). Upon remand, the ALJ is directed: (1) to reassess any objective medical that the ALJ mischaracterized in his decision as "normal or mild" (particularly the June 2016 MRI and the July 2016 X-ray of Plaintiff's lumbar spine) and to reconsider the weight to be assigned to the medical opinions of Plaintiff's treating physician, Dr. Delaney, in light of that reassessment after seeking clarification from Dr. Delaney, if necessary, regarding any inconsistencies that the ALJ may still find between Dr. Delaney's stated opinions and the medical evidence upon which Dr. Delaney relied to support his opinions; (2) to state good reasons for any decision to assign less than controlling weight to Dr. Delaney's medical opinions, and to reweigh the opinion evidence overall, in light of any new weight assigned to Dr. Delaney's opinions; (3) to re-evaluate Plaintiff's subjective complaints regarding her symptoms, in light of the complete medical record and in accordance with the factors set out in 20 C.F.R. § 404.1529(c)(3)(i)-(vii), with particular focus on Plaintiff's

complaints of drowsiness and lack of concentration as potential side effects of her medication, and to set out his reasoning as to the extent of any functional limitations resulting from such symptoms; and (6) to reconsider Plaintiff's RFC, consistent with all of the above, and to re-evaluate whether the Commissioner has met his burden of demonstrating that Plaintiff's RFC during the relevant period was not significantly diminished by her non-exertional limitations. If the ALJ finds that Plaintiff's functional abilities have been significantly diminished, then, upon remand, the Commissioner should present the testimony of a vocational expert concerning the existence of jobs in the national economy for an individual with Plaintiff's combination of exertional and non-exertional limitations.

**Dated:** New York, New York
October 16, 2020

**RUBY J. KRAJICK**

**Clerk of Court**

BY: *Kmango*

**Deputy Clerk**